NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRAVIS MIDDLETON; GILDA EVANS,

Plaintiffs - Appellants,

v.

MARTINGALE INVESTMENTS, LLC; et al.,

Defendants - Appellees.

No. 13-55271

D.C. No. 2:12-cv-09499-SJO-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Travis Middleton and Gilda Evans appeal pro se from the district court's

judgment dismissing their action alleging, among other claims, Racketeer

Influenced and Corrupt Organizations Act ("RICO") claims arising from state

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Appellants' requests for oral argument, set forth in their briefs, are denied.

court unlawful detainer proceedings against Evans after Martingale Investments purchased Evans's property in a foreclosure sale. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Appellants' action because the first amended complaint failed to allege any specific facts showing that they were entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must go beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action," and provide the grounds for entitlement to relief); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557, 559 (9th Cir. 2010) (setting forth elements of a RICO claim under 18 U.S.C. § 1962(c), and explaining that, to plead a RICO conspiracy claim under § 1962(d), the plaintiff must first adequately plead a substantive violation of RICO).

The district court properly dismissed Appellants' damages claims against defendant Judge Walmark on the basis of judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (judges are entitled to absolute judicial immunity from a damages action arising out of judicial acts). We reject Appellants' contention that they alleged non-judicial conduct taken in the

complete absence of jurisdiction that would not be covered by judicial immunity.

The district court did not abuse its discretion in denying leave to amend after concluding that amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile).

We reject Appellants' contentions that private attorneys have no standing to represent state defendants, and that the district court violated their constitutional rights by dismissing the claims on the basis of the pleadings. Because the district court properly dismissed Appellants' action for failure to state a claim, they had no right to discovery or a jury trial.

Appellees Judge Walmark's and the Superior Court of California's request for fees and costs under 42 U.S.C. § 1988, set forth in their answering brief, is denied because that statute does not cover this case. This denial is without prejudice to Appellees seeking fees and costs on a proper basis.

**AFFIRMED.**